**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAZZELL KING,<br><br>Defendant. | Criminal Action No. 25-136-GBW |

**MEMORANDUM ORDER**

On October 16, 2025, a federal grand jury sitting in the District of Delaware returned a two-count Indictment charging Dazzel King ("Defendant") with Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) and Knowingly Possessing a Firearm Not Registered to Him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. (D.I. 2 – Redacted Indictment). On October 30, 2025, Defendant consented to detention. (D.I. 17). On September 3, 2026, Defendant waived indictment and pled guilty to Count One of the Felony Information charging him with Possession of a Firearm by a Person Prohibited in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (D.I. 33 and 34). Specifically, Count One of the Felony Information charged and Defendant pled guilty to the following:

> *On or about August 21, 2025, in the District of Delaware, the defendant, DAZZELL KING, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, to wit: an AR-15 style, 5.56 mm NATO caliber, Privately Made Firearm (PMF) with no serial number, in or affecting interstate commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) & 924(a)(8).*

Sentencing is scheduled for January 19, 2027, at 11:00 a.m. Now pending before the Court is Defendant Dazzel King's Motion for Release and Revocation of Detention Order Pending Sentencing ("Defendant's Motion"). (D.I. 38). In support of his Motion, Defendant claims that he is not a flight risk or a danger to the community, and that he has strong ties to family and the community. (D.I. 38, at 1-2). The Government opposes Defendant's Motion arguing that Defendant is both a flight risk and a danger to the community. (D.I. 39, at 1-3).

The release or detention of a defendant pending sentencing is governed by 18 U.S.C. § 3143. As the Defendant recognized in his Motion, the statute states "[e]xcept as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is waiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." Importantly, "[t]he burden of establishing that the defendant will not flee or pose danger to any other person or to the community rests with the defendant." Federal Rule of Criminal Procedure 46(c). Further, "Courts have explained that § 3143(a)(1) 'creates a presumption in favor of detention pending sentencing,' which a defendant can rebut only if [he] meets [his] high burden of proving by clear and convincing evidence that [he] is not a flight risk or a danger to the community." *United States v. Smith*, 34 F. Supp. 3d 541, 544 (W.D. Pa. 2014) (*citing United States v. Georgiuo*, No. 09-cr-88, 2010 WL 710892, at *1-2 (E.D. Pa. March 1, 2010) and *United States v. Strong*, 775 F.2d 504, 505 (3d Cir. 1985)).

In the instant action, Defendant has failed to meet his burden to prove by clear and convincing evidence that he is not a flight risk or a danger to the community. In fact, with respect to flight risk, in its opposition, the Government informs the Court that "[a] review of the

defendant's state DELJIS records indicates he has **twenty-four** failure to appear capiases; **twenty-eight** failure to pay capiases; and **twelve** other capiases – along with nine violations of probation." (D.I. 39, at 1) (emphasis added). With respect to danger to the community, the Government informs the Court that "[t]he defendant has a lengthy record of [prior] felony convictions, including multiple that relate to firearms; numerous involving drugs; and convictions involving violence or threatening conduct, including aggravated menacing and kidnapping." (D.I. 39, at 2). In light of the foregoing facts, Defendant has failed to prove by clear and convincing evidence that he is not a flight risk or a danger to the community.

Accordingly, Defendant's Motion (D.I. 38) is DENIED, and Defendant shall remain detained pending sentencing.

* * *

WHEREFORE, at Wilmington this 26th day of October 2026, **IT IS HEREBY ORDERED** that Defendant Dazzel King's Motion for Release and Revocation of Detention Order Pending Sentencing (D.I. 38) is DENIED, and Defendant shall remain detained pending sentencing.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE